JOHN SAUNDERS ET AL. *vs.* THE NEW ENGLAND COL-
LAPSIBLE TUBE COMPANY ET AL.

Second Judicial District, Norwich, April Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, JS.

The entire finding, and memorandum of decision, if made a part
    thereof, are to be read together as a whole.
Having found that the death of an employee of the defendant arose out
    of and in the course of her employment, the finding stated that
    there was "no evidence to show that" the employee—who was
    killed by a descending elevator while looking into the shaft—"had
    reason to use the elevator" at that particular time, "nor was there
    evidence to the contrary." *Held* that this obviously meant only
    that there was no oral or documentary evidence directly to this
    fact,—but was not intended to exclude from the Commissioner's
    consideration the realm of reasonable inference from other facts and
    circumstances in evidence.
A reasonable inference of fact drawn by the trier from facts in evidence
    will not be set aside on appeal.
There is a natural presumption that one charged with the performance
    of a duty and found injured at a place where his duty may have
    called him, is injured in the course of and as a consequence of his
    employment.
In the present case the Commissioner found, as an inference or con-
    clusion, that the decedent's injuries arose out of and in the course
    of her employment. *Held* that such an inference was one which
    might fairly be drawn by a reasonable man under the circum-
    stances.
The burden of proof, in a claim for compensation under our Act, rests
    upon the claimant to establish the statutory essentials of his case.
The Superior Court, upon appeal in compensation cases, may deter-
    mine whether the finding of the Commissioner should be corrected
    or not, or whether there was any evidence to support the con-
    clusions reached; but there its control over the evidence ceases.

Argued April 28th—decided June 10th, 1920.

APPEAL by the respondents from a finding and award
of the Compensation Commissioner of the second dis-
trict in favor of the claimants, taken to and tried by
the Superior Court in New London County, *Reed, J.,*
which vacated and set aside the award of the Com-

missioner, and from this judgment the claimants appealed. *Error: award of Commissioner affirmed.*

*Frank L. McGuire,* with whom was *Clayton B. Smith,* for the appellants (claimants).

*Philip Pond,* for the appellees (respondents).

WHEELER, J.  The plaintiff's intestate, Genevieve Saunders, fifteen years old, was employed by The New England Collapsible Tube Company on the third floor of its factory.  A number of girls worked on this floor with the deceased.  The factory building consisted of several floors, and it was necessary for the girls employed in the factory to go from one floor to another for the purpose of getting material as needed, or for the purpose of taking finished work to another department. It was customary for the girls so employed, daily, to use the elevator for this purpose, and they also used the elevator in going to work in the morning, or at noontime, and in leaving their place of employment at night.

The decedent used this elevator in this way during the period of her employment with the defendant.

On October 24th, 1918, and during working hours, the decedent left her bench and went to the elevator and leaned her head over the gate, and the elevator descending crushed her head between the top of the gate and the bottom of the elevator.

No testimony was offered before the Commissioner that at the time of her injuries the decedent was about to use the elevator in the course of her employment, or that at this time she had occasion to so use the elevator.

The Commissioner awarded compensation to the claimants.

The Superior Court, on appeal, held that the Commissioner erred in holding that the injuries arose out

of and in the course of the decedent's employment, and in requiring the defendants to prove that the injury did not arise out of and in the course of the employment. The court set aside the award because it could find no evidence from which it could be found that the accident arose in the course of the employment; and the court interpreted the Commissioner's finding that "there was no evidence to show that this Saunders girl had reason to use this elevator on this particular day, at this particular hour, nor is there evidence to the contrary,"—as meaning that there was absolutely no evidence from which the Commissioner could find the ultimate fact that the accident arose out of and in the course of her employment.

The memorandum of decision is made a part of the finding, hence finding and memorandum are to be read together as a whole. So read, we think it clear that by the words, "there is no evidence," the Commissioner intended to convey the meaning that there was no testimony, no statement either from a witness or in a written document of this fact; that is, that there was no direct evidence, as it is called in common speech, of this fact. But he did not intend to exclude from consideration the realm of inference, and it was in reliance upon the inference to be drawn from facts in evidence that the Commissioner reached his conclusion.

The court was in error in thinking the Commissioner required the employer to assume the burden of proving that the injury did not arise out of and in the course of the employment. The burden of proof, in a claim for compensation under the Workmen's Compensation Act, is upon the claimant to prove the statutory essentials of his case. He must establish by competent evidence that the injuries for which he seeks compensation arose out of and in the course of his employ-

ment. *Sponatki's Case*, 220 Mass. 526, 108 N. E. 466;
*Westman's Case*, 118 Me. 133, 106 Atl. 532, 535. What
the Commissioner did was every-day practice with a
trial judge: he found the fact in issue as an inference
of fact drawn from other facts in the testimony.

The appeal fairly raises the question whether the
inference drawn was unjustifiable. If it was an infer-
ence which a reasonable man could not draw in a
reasoning way, the finding cannot stand, for it would
then be so unreasonable as to justify judicial inter-
ference. *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 93
Atl. 245. No one saw the accident, but that fact is
not fatal to a finding of how it occurred. It occurred
within the period of the employment, at a place where
the decedent might reasonably have been, and where
her work required her frequently to be. Her duties
required her to use the elevator in going from floor to
floor for the purposes of her employment. If she was
so engaged she was reasonably fulfilling the duties of
her employment. Whether she was so engaged at the
time of her injury, seems to us an inference which can-
not be said to be an inference of a character which the
reasonable man could not draw. Is it more likely than
otherwise that one injured during the period of employ-
ment and in a place where she had a right to be, was
at this time engaged in her employment, or that she
was engaged upon some matter of her own and apart
from her employment? There is a natural presumption
that one charged with the performance of a duty, and
found injured at the place where duty may have re-
quired him to be, is injured in the course of and as a
consequence of the employment. We think it more
likely than otherwise that the decedent was doing her
duty when injured, and that this is a reasonable infer-
ence to draw in the absence of evidence to the con-
trary. Facts may be found proven of which there was

no direct proof but which are inferences of fact drawn from facts which are in proof. *Sliwowski* v. *New York, N. H. & H. R. Co.*, 94 Conn. 303, 108 Atl. 805. It may be the duty of the trier to infer what one has done or left undone, although there be no positive testimony of this. And when the appellate court passes upon whether this duty has been judicially performed by legal standard, it cannot inquire whether it would have reached the same result; it must limit its inquiry to the ascertainment of whether the inference is so unreasonable as to be unjustifiable. It is the right of every trier to infer what one's conduct has been in the circumstances, even though the inference reaches beyond the positive testimony in the case. *Bunnell* v. *Berlin Iron Bridge Co.*, 66 Conn. 24, 36, 33 Atl. 533; *Union Bank* v. *Middlebrook*, 33 Conn. 95, 100; *Dubuque* v. *Coman*, 64 Conn. 475, 479, 30 Atl. 777.

The appellants urge as one ground of error, the use by the court of the evidence for the purpose of determining the validity of the award. They say that when the court denied the motion to correct, the limited purpose of the evidence had been satisfied. The motion to correct was not filed in the Superior Court and hence was not before the court. The evidence was before the court to enable it to determine whether there was any evidence that the injuries of the decedent arose in the course of and out of her employment. The court held that there was not. "Here," says the court, "the theory that the decedent was injured while on some purpose of her own, outside of her employment, is equally consistent with the theory that she was acting within her employment." Though this were true, it was the province of the Commissioner to determine which theory was supported by the evidence; and if the evidence reasonably supported either theory, he might adopt that theory and the Superior Court on

appeal could not disturb his decision upon that ground. The Superior Court does not weigh evidence in this class of cases; it may determine whether the finding of the Commissioner should be corrected or not, or whether there was any evidence to support the conclusions reached; and when it has done this, its control over the evidence ceases.

There is error, the judgment is reversed and the Superior Court is directed to enter judgment dismissing the appeal from the Commissioner and affirming the award.

In this opinion the other judges concurred.