THOMAS F. JUDD *vs*. THE METROPOLITAN LIFE INSURANCE COMPANY ET AL.

Third Judicial District, Bridgeport, April Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 16th—decided June 2d, 1930.

*Thomas R. Robinson,* with whom, on the brief, was *Daniel L. O'Neill,* for the appellants (defendants).

*Edward S. Snyder* and *George E. Beers,* for the appellee (plaintiff).

HAINES, J. The undisputed portions of the finding show that the claimant was in the employ of the defendant respondent as an insurance agent. Under his contract he had no definite hours of employment, but did considerable work evenings and Saturday afternoons when those he wished to see were generally most accessible. He was permitted to solicit insurance anywhere about the State. On the evening of December 28th, 1928, he left his house about nine-thirty or ten o'clock, telling his wife he was going down town. He first went to a house on Henry Street to collect some insurance but did not find his party. Alfonse Vasiliou was employed in a restaurant on Dixwell Avenue, and on previous occasions the claimant had endeavored to sell him a policy of insurance. After leaving Henry Street claimant went to the restaurant, and while eating a sandwich and a cup of coffee he had requested of Vasiliou, he further discussed with him the matter of taking out a policy of insurance. The evening was stormy and the streets were slippery with ice, and upon leaving the restaurant to go to his automobile, which was parked on the opposite side of the street, he slipped and fell, injuring his right leg.

He was assisted to his automobile and driven home by a passer-by, and in attempting to get from his automobile to his house, he fell again, injurying the same leg further. The result of the two falls was a fracture at the ankle and another below the knee. He was removed to a hospital and was totally disabled until June 10th, 1929, incurring bills for medical, surgical and hospital expenses. The commissioner found that the claimant's whereabouts from the time he left his house until his return, were not fully accounted for. The trial court, with the evidence before it, held that the commissioner was in error and corrected the finding accordingly, referring to the testimony of the claimant that after calling at Henry Street, he decided to and did "drive around the corner to the restaurant" to see Vasiliou about taking out a policy of insurance about which he had talked with him on several prior occasions. The claimant also testified directly that his purpose in leaving his house and going to Henry Street and thence to the restaurant, was to prosecute his work as an insurance agent. This was the only direct evidence before the commissioner as to the claimant's purpose in leaving his house that evening. The commissioner held that in going into the restaurant, he was only incidentally engaged in his business, and that the main purpose was to get something to eat, and denied compensation.

The trial court was unable to sustain this conclusion as a reasonable one in view of the subordinate facts, and decided that the claimant was engaged in his employment from the time he left his house until his return to it, and was entitled to compensation.

The action of the trial court in amending the finding and in rejecting the conclusion of the commissioner, is all assigned as error. If the changes made by the trial court are unwarranted, the question here pre-

sented is whether the commissioner's conclusion was legally and logically drawn from the subordinate facts which he found. On the other hand, if the corrections were warranted by the record evidence, it is abundantly clear that the conclusion the trial court drew from the amended finding, is sound and should be sustained.

Practically all the uncontested subordinate facts which were found by the commissioner were taken directly from the testimony of the claimant himself. It is apparent that the commissioner accepted these statements of the claimant as true. What he did not accept is the claimant's statement of his purpose in going into the restaurant. He testified in effect that his real purpose was to see Vasiliou about taking a policy of insurance, and he explained fully and, it seems, reasonably, that buying a cup of coffee and a sandwich from Vasiliou while there, was merely to show his good-will and was a measure of business expediency. The situation disclosed is simple. The claimant's employment included Saturday evenings, that being the time when he could most conveniently find his prospects. He concededly left his home this Saturday evening to collect some insurance on Henry Street, and this was in the performance of the duties of his employment. The trial court has found, and we think properly so, that the evidence disclosed that he went from this house on Henry Street "around the corner" to the restaurant. It will be observed that Saturday evening was within the period of his employment, and he was within the territory where he had a right to be, and would naturally be, in performing the duties of the employment. He was performing these duties in going to the Henry Street house. Under these circumstances, unless the contrary is shown, it is a natural inference that in continuing directly around

the corner and talking with a prospective customer at the restaurant, he was continuing in the performance of his duties.

Where a claimant was injured by an elevator and there was no direct evidence as to whether she was engaged in her employment, or upon some matter of her own apart from her employment, it was shown that in her employment she had previously used this elevator, and her duties required her to go from floor to floor of the building. She was in a place where her employment might reasonably have required her to be and within the period of her employment. In that case we said: "There is a natural presumption that one charged with the performance of a duty, and found injured at the place where the duty may have required him to be, is injured in the course of and as a consequence of the employment. We think it more likely than otherwise that the decedent was doing her duty when injured, and that this is a reasonable inference to draw in the absence of evidence to the contrary." *Saunders* v. *New England Collapsible Tube Co.*, 95 Conn. 40, 43, 110 Atl. 538. That presumption would fully obtain in the present case, even if the claimant had not testified directly that he went into the restaurant in the performance of the duties of his employment. A careful consideration of all the evidence given by the claimant and the strong support furnished to it by the testimony of other witnesses including Vasiliou, justified the trial court in making the corrections of the finding, and in reaching its conclusion from the subordinate facts as they then stood, that the claimant was engaged in his business as agent from the time he left his house until he again entered it. We cannot concur in the view of the respondents that the claimant's testimony was, in important respects, contradictory, inconsistent and exaggerated.

When a commissioner can so far credit the testimony of a witness as to make up most of his finding therefrom, and there is nothing to contradict it, directly or indirectly, or to throw any more discredit upon a single statement as to one fact than upon others which are accepted as true, and where, moreover, the testimony is consistent with that of other witnesses, and is logical and reasonable in relation to other facts, there is a well-nigh conclusive basis for the presumption that it is true, and a contrary finding becomes so illogical and unreasonable as to justify judicial interference. *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 149, 150, 93 Atl. 245; *Norton* v. *Shore Line Electric Ry. Co.*, 84 Conn. 24, 35, 78 Atl. 587. The correction made in the finding by the trial court was justified, and the amended finding shows clearly that this injury was compensable. We may add that we see no distinction to be made between the two injuries. The claimant was upon his employment from the time he left his house until he returned to it, and both injuries arose from the risk of travel in that employment.

There is no error.

In this opinion the other judges concurred.