BEVERLY ALLEN *v.* NORTHEAST UTILITIES
(4048)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued December 3, 1985—decision released March 18, 1986

*James A. Wade,* with whom was *Sally S. King* and *Sylvia Kemp-Orino,* for the appellant (plaintiff).

*Trudie R. Hamilton,* for the appellee (defendant).

SPALLONE, J. The plaintiff is appealing from the decision of the compensation review division of the workers' compensation commission in which the review division affirmed the denial by the workers' compensation commissioner of the plaintiff's claim for survivor's benefits and dismissed her appeal.[1]

Paul Allen, the plaintiff's husband, was an employee of the defendant at its Bantam hydroelectric facility.

---

[1] General Statutes § 31-301b affords any party aggrieved by the decision of the compensation review division a direct appeal to the Appellate Court.

On Friday, September 26, 1980, he arrived at work in time for his normal 7:30 a.m. to 4 p.m. shift. At about 11:45 a.m., he left his work station at the powerhouse with a fellow employee for a lunch break at the nearby Bantam Pub, which was located on Route 202 and was a three to five minute walk from the powerhouse. Paul Allen had lunch at the pub, during the course of which he consumed about six ten-ounce glasses of cream ale. His companion left the pub at about 12:30 p.m. and returned to the powerhouse. After receiving a phone call from his fellow employees, at about 2:30 p.m., informing him that his supervisors were inquiring of his whereabouts, he consumed two more ten-ounce glasses of cream ale and left the pub between 3:10 p.m. and 3:15 p.m. He did not return to his work station that day. He was never seen alive again and his body was found on the defendant's premises the following Sunday. Although he had informed some people on Friday that he was already on vacation and would be needing his personal tools which were located in the powerhouse, his tools were found in the powerhouse and his car was found in the vicinity of the powerhouse on Sunday, September 25, 1980, the day his body was discovered.

At the Bantam facility there were two structures, a gatehouse near a dam on the Bantam River and a powerhouse situated to the west of and below the gatehouse. Connecting these structures was a large water pipe, called a penstock, about four feet in diameter, situated at an angle above the river area. Allen had utilized the penstock previously as a shortcut between the two structures. Adjacent to and north of the penstock was a wooded cliff area which angled downward toward the powerhouse. Allen's body was found on the rocks below the penstock and the cliff, on the northside of the Bantam River. The blood traces on the rocks at the river bed revealed that Allen had moved about twenty-

three feet from the point of impact, where he had fallen from above. Post-mortem tests showed that he had lived for some hours after the fall and that he was sober at the time of death. The time required for his system to metabolize the alcohol he had consumed at the pub was found to be approximately six hours after the final drink. The commissioner concluded that Allen's death was not caused by an injury arising out of and in the course of his employment, which conclusion was affirmed by the review division. The plaintiff has now appealed to this court.

The plaintiff claims (1) that the commissioner erred in failing to apply the presumption that one charged with the performance of a duty and found injured at the place where that duty may have required him to be, is injured in the course of and as a consequence of his employment, (2) that the commissioner's conclusion was inconsistent with the subordinate facts found, and (3) that the review division should have granted the plaintiff's motion to strike all references in the defendant's brief filed with the review division to facts and testimony not contained in the commissioner's findings and award. We disagree.

Regarding the plaintiff's first claim, we note that the presumption enunciated in *Saunders* v. *New England Collapsible Tube Co.,* 95 Conn. 40, 43, 110 A. 538 (1920), that "[t]here is a natural presumption that one charged with the performance of a duty, and found injured at the place where duty may have required him to be, is injured in the course of and as a consequence of the employment," does not mandate that a particular conclusion be drawn by the trier. It is a rebuttable presumption of fact. *Labbe* v. *American Brass Co.,* 132 Conn. 606, 612, 46 A.2d 112 (1946). "[T]he presumption is one resting on common experience and inherent probability which as such ceases to have force when countervailing evidence is produced, although the facts

which gave rise to it remain in the case." *Labbe* v. *American Brass Co.*, supra, 611–12. The practical justification for such a presumption is grounded in a policy of fairness to the dependents of the deceased employee which arises from the realization that the death itself has removed the only possible witness who could prove the necessary causal connection between that individual's death and his employment. See Larson, Workmen's Compensation for Occupational Injuries and Death § 10.32 (1981).

The presumption operates to shift the burden of persuasion to the proponent of the invalidity of the presumed fact, "and that burden is met when, by the particular quantum of proof, the validity of the fact has been rebutted." *Anderson* v. *Litchfield*, 4 Conn. App. 24, 28, 492 A.2d 210 (1985). The import of *Saunders* and its progeny leads to the conclusion that without evidence to the contrary, the fact that a person is found deceased at his or her place of employment will support a finding that the injury arose out of and was a consequence of the employment. See *Labbe* v. *American Brass Co.*, supra, 611–12; *Keeler* v. *Sears, Roebuck Co.*, 121 Conn. 56, 60–61, 183 A. 20 (1936); *Judd* v. *Metropolitan Life Insurance Co.*, 111 Conn. 532, 536–37, 150 A. 514 (1930); *Reeves* v. *Dady Corporation*, 95 Conn. 627, 630–32, 113 A. 162 (1921); *Saunders* v. *New England Collapsible Tube Co.*, supra, 43.

The plaintiff's burden was to establish by competent evidence that the death for which compensation was sought arose out of and in the course of the employment. *Saunders* v. *New England Collapsible Tube Co.*, supra, 42. Although she may have received the benefit of the presumption, the facts introduced by the defendant provide sufficient evidence from which the trier could reasonably conclude that the defendant satisfied its burden of proving the contrary, and we will not

override the commissioner in deciding that factual issue. See *Labbe* v. *American Brass Co.,* supra, 612.

The plaintiff's second claim is based on her contention that the conclusion drawn by the trier was not consistent with the subordinate facts. We find no merit to this claim.

The plaintiff's final claim is that the review division should have granted the plaintiff's motion to strike all references in the defendant's brief filed with the review division to facts and testimony not contained in the commissioner's findings and award.

We do not rule on whether the review division should have granted the plaintiff's motion to strike all references in the defendant's brief to facts and testimony not contained in the commissioner's findings and award. The review division apparently never ruled on the motion. As the practice and procedure for workers' compensation appeals to this court conform to the rules of practice governing other appeals to this court; Practice Book § 2015; the plaintiff was entitled to and indeed was under a duty to seek a ruling on the motion to strike and the reasons for the ruling. See *Rahmati* v. *Mehri,* 188 Conn. 583, 587–88, 452 A.2d 638 (1982); see also Practice Book §§ 2021 and 3082. The appellant must present a record which is adequate for appellate review. *Kaplan* v. *Kaplan,* 186 Conn. 387, 388 n.1, 441 A.2d 629 (1982); *Holmes* v. *Holmes,* 2 Conn. App. 380, 383, 478 A.2d 1046 (1984). Because the plaintiff has failed to provide such a record, we may decline to review her final claim of error. See *Holmes* v. *Holmes,* supra, 383–84.

We note further that the references contained in the defendant's brief filed with the review division were made merely by way of example and explanation. The defendant did not seek to change or add to any of the commissioner's findings, and it is clear that the review

504

division's decision was based solely upon and wholly adopted the commissioner's finding and award.

There is no error.

In this opinion the other judges concurred.