[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, Scott MaGruder and Bruce Baratz, move to dismiss for lack of jurisdiction claiming that the plaintiff lacks standing to bring the action.
The plaintiff claims that the motion is untimely under Practice Book § 142, which requires the motion to be made within thirty days of the filing of an appearance.
The defendants, MaGruder and Baratz, filed pro se appearances on December 18, 1996. The motion to dismiss was filed on March 11, 1997, more than thirty days after the appearances were filed. However, Practice Book § 145 states that lack of jurisdiction CT Page 4390 over subject matter cannot be waived and when it is found that the court lacks jurisdiction of the subject matter the court shall dismiss the action.
The defendants claim that the court lacks jurisdiction because the plaintiff lacks standing to bring the action.
The complaint alleges that the mortgage and note which the plaintiff seeks to foreclose was "subsequently assigned" by the Bank of America to it. The complaint does not set forth any recording of the mortgage and note by the plaintiff.
Under C.G.S. § 47-10, no conveyance shall be effectual to hold any land against any other person than the grantor and his heirs unless recorded on the records of the town in which the land lies.
The two defendants are not the makers of the note nor grantors of heirs of the mortgagor. In Family Financial Servicesv. Spencer, 41 Conn. App. 754 (1986), the Appellate Court found that the plaintiff did not have standing because the assignment to the plaintiff in that case was not recorded.
Where a quit claim deed was not recorded so as to give notice, it was invalid as to the grantor's creditors. Rosenblithv. DeForrest Hotchkiss Co., 95 Conn. 40 (1911).
The defendant cites a Superior Court case, ConnecticutNational Bank v. Marland, 1993 Conn. Super. 639 LEXIS (Walsh, J.) in support of its position. The court finds the case is distinguishable from the instant case because there the motion to dismiss failed to assert lack of subject matter jurisdiction or other grounds required by Practice Book § 143. In this case, the defendant does claim lack of subject matter jurisdiction for the reason that the plaintiff lacks standing to bring the action because of its failure to record the mortgage as required by C.G.S. § 47-10.
The motion to dismiss as to the defendants, MaGruder and Baratz is granted.
D. Michael Hurley Judge Trial Referee CT Page 4391