### EDWARD T. SNOOKS'S CASE.

Suffolk.    December 2, 1927.— June 9, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Amount of compensation: avoidable incapacity.

While one, who is entitled to compensation under the workmen's compensation act, cannot claim compensation for existing disability or suffering which can be lessened by resort to the reasonable remedies and operations of the medical and surgical practice of the time and place if these are not attended with serious risk to life or member and if the outcome reasonably to be expected is beneficial, the test is not his willingness to submit to operation but his right to guard life and limb from unreasonable peril; and the questions, whether in a particular case there is serious risk and danger, and whether it fairly appears that a substantial gain will result from a surgical operation, generally are to be determined by the Industrial Accident Board as questions of fact.

*It seems*, however, that some instances may occur when all the evidence is so clear that such a decision by the board presents merely a question of law.

Where, upon an application by the insurer respecting such an operation, two experts testified that the outcome of such an operation was uncertain, that the benefit was probable, that there was a chance of great improvement, but that the operation was considered a major operation and a good result could not be promised, it could not be said as a matter of law that it fairly appeared that substantial gain would result nor that the denial by the Industrial Accident Board of a ruling, requested by the insurer, that "the claimant unreasonably refuses to submit to an operation which, in all probability, will repair the damage to his knee," was error.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board granting compensation to the claimant for injury to his right knee cap while employed by George F. Watts Corporation and refusing to give the following rulings:

"1. On all the evidence the claimant unreasonably refuses to submit to an operation which, in all probability, will repair the damage to his knee.

"2. If the claimant, after a reasonable lapse of time, still refuses to submit to the operation set forth in ruling No. 1 that his compensation be suspended until he does go under such operation."

Material facts are stated in the opinion.

In the Superior Court, by order of *Morton, J.,* a decree was entered which contained no ruling upon the requests which were presented to the Industrial Accident Board, but awarded the same compensation as that stated in the decision of the Industrial Accident Board. The insurer appealed.

*J. F. Lawton,* for the insurer, submitted a brief.

No argument nor brief for the claimant.

WAIT, J.   One who is entitled to compensation under the workmen's compensation act, G. L. c. 152, cannot claim compensation for existing disability or suffering which can be lessened by resort to the reasonable remedies and operations of the medical and surgical practice of the time and place if these are not attended with serious risk to life or member and if the outcome reasonably to be expected is beneficial. The test is not his willingness to submit to operation, but his right to guard life and limb from unreasonable peril. We have said in *Floccher's Case,* 221 Mass. 54, 55, that if the claimant is not to be subjected to unusual risk and danger arising from the anaesthetic to be employed or from the nature of the proposed operation, it is the claimant's duty to submit, if it fairly appears that the result of such operation will be a substantial physical gain.   Whether in a particular case there is such risk and danger, and whether it fairly appears that a substantial gain will result from a suggested surgical operation, are generally questions of fact to be determined by the Industrial Accident Board. Instances may occur when all the evidence is so clear that the decision presents merely a question of law.   In the case before us, however, two experts testify that the outcome of the operation suggested is uncertain.   In their opinion the

benefit is probable, there is a chance of great improvement, but the operation is considered a major operation and a good result cannot be promised. We cannot say that, as matter of law, it fairly appears that substantial gain will result, nor that the denial of the ruling, that "the claimant unreasonably refuses to submit to an operation which, in all probability, will repair the damage to his knee," was error. It follows that the insurer was not entitled to the ruling that compensation be suspended, if, after a reasonable lapse of time, the claimant refuses to go under operation.

The extent of earning capacity is a question of fact; and the finding of the board, on appeal, cannot be disturbed. *Weir's Case,* 252 Mass. 236, 238.

*Decree affirmed.*