Hillsborough, ⎰
May 2, 1933. ⎱

## Edmond Neault *v.* The Parker-Young Company.

*Alfred J. Chretien* (by brief and orally), for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Jonathan Piper* orally), for the defendant.

Allen, J. The trial court had before it the inquiry how long the plaintiff would be disabled. By the act payments are to continue for three hundred weeks "if total or partial disability continues during such period" (*s.* 24), and upon a petition the award is to be a lump sum for the accrued and prospective weekly payments (*s.* 27). The plaintiff's position that he is not required to act reasonably in effort to overcome his disability, is untenable. Reasonable conduct being that ordinarily exercised by men in general, all persons who are hurt are expected to take proper care of themselves. If they fail to do so, the consequences are their own affair. If the injury is thereby aggravated or prolonged, this is not an outcome of its cause, but a distinct

matter due to their own conduct. "The test is not his [the work-man's] willingness to submit to operation, but his right to guard life and limb from unreasonable peril." *Snook's Case*, 264 Mass. 92.

While it is often said that one owes himself the duty of taking proper care for his safety and well-being, this is strictly correct only in a moral sense. Duties in the law are obligations to the public or individuals, who have correlative rights. One is guilty of no legal wrong when his negligence hurts only himself. No rights of others are thereby violated and no one may sue him for any breach of duty. He may not recover from others for the consequences of such negli-gence because they have not injured him. It is not because he has done any wrong but because he has brought harm on himself, that its burden is left with him. The legal principle that one may not re-cover for the consequences of his own inattention or imprudence ap-plies to the care of physical troubles as well as to their origin. Under legal causation, aggravation or extension of a trouble due to one's own negligence is a self-imposed matter to be regarded as a separate and independent injury.

While the compensation act excepts the application of the principle from cases where a workman is hurt "by accident arising out of and in the course of the employment" (*s.* 2), in no intendment does it apply to injuries otherwise received. The act shows nothing to in-dicate an injured workman's privilege either by intent or by impru-dence to intensify or prolong a disability at the employer's expense. The right view is that an injury is bad enough without needlessly making it worse. The indirect charge to industrial expense brought about by the act is to meet only the misfortunes of employment. Its social and economic policies do not extend to disabilities otherwise arising. Except under the employment the employer is not charge-able for the workman's improper care of himself. The chargeable disability is only that resulting from accident incurred in employ-ment, and not that caused by the workman's carelessness preventing or delaying recovery from the accident.

By the award the plaintiff is not in any way directed to submit to another operation, nor is he penalized if he does not. He has full liberty of action. Special allowance for the expense of the operation meets any argument that he must use his award for disability in a particular manner. If he does not act reasonably, he is not thereby deprived of the compensation for which the act prescribes. On the contrary, besides his disability allowance he has a special amount equal to the expense of an operation but not required to be used for

it. The merits of the order for its payment without condition that the operation be had and the expense incurred are not assailed by the defendant and hence do not invite consideration.

The theory that any duty is imposed upon the plaintiff does not inhere in the award. It arranges an amount based upon his reasonable conduct in taking care of himself, and that is all the act entitles him to have. There is no penalty in not giving him more than the act calls for. Any penalty to be found is that which is self-imposed by his own imprudence, and is a loss, not of compensation, but of recovery from his injury.

The act contains sections requiring the workman to submit to examination at the employer's instance under prescribed conditions and bars him from compensation while he refuses thus to submit. (ss. 31, 32). The plaintiff argues that these sections define the limits of reasonable conduct on the workman's part. The argument misconceives the purpose of the sections to enable the employer reliably to learn and keep informed as to the extent and nature of the injury. The requirement of the sections and the penalty for its non-observance are designed solely to secure to the employer reasonable certainty of knowledge about the injury. They do not undertake to make limitations or regulations in respect to the workman's conduct in caring for himself.

The principle that if it is reasonable to submit to an operation, the consequences of a refusal are not a part of the disability for which compensation is to be given, is generally recognized. It is stated in various forms of expression. Often distinctions between minor and major operations, the matter of amputations, and the chances or assurance of success of the operation are treated as legal propositions in their bearing on the reasonableness of incurring the operation, where here they are items of fact for the trier to take into account. But the cases are practically in harmony in adoption of the rule denying compensation for disability avoidable by an operation which ordinary prudence advises, although the act contains no express terms incorporating it. Many of them are cited in notes at 6 A. L. R. 1260, 18 A. L. R. 431, and 73 A. L. R. 1303.

Much of the plaintiff's argument is an attack upon the court's findings. He had an operation which proved unsuccessful, and the findings that another was reasonable and would be successful are asserted to be unwarranted. But they were not challenged by exception and they must therefore stand. If any of the exceptions might be construed to present the issue of the validity of the findings, the

record does not indicate an insufficiency of the evidence to sustain them. The usual rule of distinctions between law and fact is to be employed. "... if the claimant is not to be subjected to unusual risk and danger arising from the anaesthetic to be employed or from the nature of the proposed operation, it is the claimant's duty to submit, if it fairly appears that the result of such operation will be a substantial physical gain. Whether in a particular case there is such risk and danger, and whether it fairly appears that a substantial gain will result from a suggested surgical operation, are generally questions of fact ... Instances may occur when all the evidence is so clear that the decision presents merely a question of law." *Snook's Case*, 264 Mass. 92.

*Decree affirmed.*

All concurred.