JOHN BURNS'S CASE.

Suffolk. April 9, 1937. — June 30, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act*, Incapacity, Refusal to submit to operation. *Evidence*, Presumptions and burden of proof.

In a proceeding under the workmen's compensation act, the employee has the burden of proving that continuing disability is due to the original injury rather than to unreasonable refusal by him to submit to proper treatment.

Evidence in a proceeding under the workmen's compensation act warranted a finding that an elderly shoe laster was not unreasonable in refusing to submit to an operation to remove his little finger, which had been so deformed by an injury as to interfere with his other fingers and prevent his holding a shoe properly.

CERTIFICATION to the Superior Court under the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

The insurer appealed from a decree entered by order of *Goldberg*, J., in accordance with the board's decision.

*S. S. Bean*, (*S. L. Sabel* with him,) for the insurer.

No argument nor brief for the claimant.

QUA, J. The employee, a shoe laster, received an injury to his left hand. The little finger "is badly deformed with a right-angle ankylosis," so that the finger is held diagonally over the palm of the hand, where it interferes with the ring finger and prevents the employee from properly holding a shoe.

The employee has been receiving compensation for disability and also specific compensation for the loss of use of the little finger. The insurer now insists that compensation should be discontinued on the ground that the employee has unreasonably refused to have the little finger removed, an operation which, the insurer contends, would relieve the ring finger and restore the hand to usefulness.

The burden of proof is upon the employee to establish

affirmatively the facts necessary to support his claim. *Sponatski's Case*, 220 Mass. 526. *Ricci's Case*, 294 Mass. 67, 68. When, therefore, the evidence raises the question whether continuing disability is due to the original injury or to unreasonable refusal of proper treatment by the employee himself, the employee must prove that the injury remains the cause. See *Panagotopulos's Case*, 276 Mass. 600, 605; *Corey's Case*, 276 Mass. 610, 613. Commonly, refusal of a surgical operation is deemed unreasonable, if the operation involves no substantial danger to life or health and no extraordinary suffering, and if it fairly appears that substantial gain will result from submitting to it. If, however, the operation is a serious one and the benefit problematical, refusal may be found not unreasonable, even though medical opinion may, on the whole, favor making the attempt. *Floccher's Case*, 221 Mass. 54. *Snooks's Case*, 264 Mass. 92. *Ouillette* v. *Sheerin*, 297 Mass. 536. *Kricinovich* v. *American Car & Foundry Co.* 192 Mich. 687. *Simpson* v. *New Jersey Stone & Tile Co.* 93 N. J. L. 250. *Donnelly* v. *William Baird & Co. Ltd.* 45 Sc. L. R. 394. *Warncken* v. *R. Moreland & Son, Ltd.* [1909] 1 K. B. 184. *Walsh* v. *Lock & Co. (Newland) Ltd.* 110 L. T. (N. S.) 452.

In the case before us three physicians and surgeons gave evidence. One, called by the insurer, testified that the finger was useless and in the way and that he believed that if it were taken off, although the employee has not perfect use of his other fingers, his ring finger would have "more play" and he would be able to hold a shoe. The impartial physician who first examined the employee did not mention an operation at all, and a second impartial physician strongly advised the operation "in order to give him anything like a useful hand." This physician stated that after four to six months he should be able to do a good part of the work of a laster, but that he must coöperate a great deal in order to be back at work in six months; that it would take six weeks for the operative wounds to heal, and then "it would be necessary to work pretty hard on the second, third, and fourth fingers, in order to have restored to him anything like normal use of these fingers."

The ring finger "would then be one-half to two-thirds normal." The employee was sixty-one years of age. The board had the advantage of seeing him.

We think the board could find that it was so doubtful whether there would be substantial benefit from the proposed operation that it was not unreasonable for the employee to refuse to undergo it. *Snooks's Case*, 264 Mass. 92. *Sheppard's Case*, 287 Mass. 459, 463.

*Decree affirmed.*