CARMEN DiLAURO *v.* GEORGE BASSETTI ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 7—decided May 21, 1947

*George E. Beers,* with whom was *Edward S. Snyder,* for the appellant (plaintiff).

*Joseph V. Fay, Jr.,* with whom, on the brief, was *Harrison D. Schofield,* for the appellees (defendants).

JENNINGS, J. The Superior Court dismissed the plaintiff's appeal from a finding and award of the compensation commissioner in favor of the defend-

ants. The question to be determined on the plaintiff's appeal to this court is whether the injuries arose out of the employment.

The finding of the commissioner was not attacked. It may be summarized as follows: The plaintiff was employed by Bassetti and Lawson, hereinafter referred to as the defendants, as a truck driver to deliver coal. On March 20, 1945, the plaintiff drove his truck into the yard of T. A. D. Jones & Company to obtain a load of coal. His duty was simply to drive the truck into the yard, request that it be loaded and, after it was loaded, drive it away. The machinery for handling the coal was operated by the Jones company. The plaintiff stopped his truck and went a short distance to notify an employee of the company that he wanted a load of coal. The two men walked toward the plaintiff's truck. In the vicinity of the truck and of the course taken by the men was a long, moving conveyor belt for handling coal. The speed with which and the direction in which the conveyor operates depend on the work being done. Near one terminus, close to where the men were walking, there was a wooden platform covering a part of the mechanism which operates the conveyor. While they were walking toward the plaintiff's truck, the plaintiff expressed the thought that he would jump on the belt, outrun it and get a "free ride" for a short distance. The company employee warned him to stay off and said he would get hurt if he didn't. The plaintiff, intent on his expected "free ride," jumped upon the platform and stepped off onto the moving belt. The conveyor was being operated at a speed of approximately twenty miles per hour and was moving toward the platform. The plaintiff was immediately thrown, swept by the belt under the platform and injured.

The plaintiff's duties in his employment did not entail any activities on his part in connection with the conveyor, nor were the dangers inherent therein annexed to or a part of his employment by the defendants.

The plaintiff's appeal turns upon the correctness of the commissioner's conclusion that the injury was not compensable because it was the result of horseplay and resulted from a departure by the plaintiff from his employment. In order to simplify the issues at this time, it may be noted that "serious misconduct" of the plaintiff was brought into the case by the memorandum of decision of the trial judge but does not otherwise appear of record and is not in issue on this appeal. The claim was disallowed because the injuries did not arise out of the employment.

It is, of course, elementary that, to be compensable, an injury must arise both in the course of and out of the employment. General Statutes § 5226; *Herbst* v. *Hat Corporation of America,* 130 Conn. 1, 6, 31 A.2d 329. Since the fact that it arose in the course of the employment is undisputed, the sole question is whether it arose out of it.

The workmen's compensation law introduced the novel principle of liability without fault, justified on the theory that the general interests of society would be best served if industry bore the burden of incapacity caused by it. *Olivieri* v. *Bridgeport,* 126 Conn. 265, 277, 10 A.2d 770. In order to charge industry with this cost, some causal connection between the employment or the conditions thereof and the injury must be shown. *Vitas* v. *Grace Hospital Society,* 107 Conn. 512, 516, 141 A. 649. A conclusion that this causal connection was not proven, that is, that the injury did not arise out of the employment, "is

essentially one of fact, to be determined in view of all the relevant circumstances, and the conclusion of the commissioner must stand unless it is one he could not reasonably or legally reach upon the subordinate facts." *Stulginski* v. *Waterbury Rolling Mills Co.,* 124 Conn. 355, 365, 199 A. 653. The conclusion is to be tested by the subordinate facts and by them alone. *Rossi* v. *Jackson Co.,* 117 Conn. 603, 605, 169 A. 617. It must stand unless it resulted from an incorrect application of law to them or because of an inference illogically or unreasonably drawn from them. *Palumbo* v. *Fuller Co.,* 99 Conn. 353, 356, 122 A. 63; *Drouin* v. *Chelsea Silk Co.,* 122 Conn. 129, 131, 187 A. 904.

The specific question in this case is one of deviation. Did the plaintiff, in the course of his employment, deviate therefrom so as to support the conclusion of the commissioner that the injury sustained did not arise out of it? The issue is narrow and it is difficult to reconcile all of the decisions. *Herbst* v. *Hat Corporation of America,* supra, 7. The analogy to the question of deviation in agency has been pointed out and the rule is stated to be that "unless the case lies clearly on the one side or the other the question whether an employee has so departed from his employment that his injury did not arise out of it is one of fact." Ibid. The commissioner is the trier of the fact in this proceeding. *Palumbo* v. *Fuller Co.,* supra, 355.

The facts found furnish ample support for the conclusion reached. Put baldly, the plaintiff, walking the short distance from point A to point B, in the face of a warning not to do so, unnecessarily jumped on a conveyor belt moving from B to A at a speed of twenty miles per hour and was injured. Some cases

cited by the plaintiff indicate that a conclusion by the commissioner in favor of the plaintiff might be sustained on appeal, but most of them are illustrations of the principle that the question is one of fact for the commissioner and that his conclusion will not be disturbed. By the same token, the refusal of the trial court to disturb the conclusion of the commissioner in this case was correct. The matter is fully discussed and the leading Connecticut cases are cited in the *Herbst* case, supra. No further citation of authority is necessary.

There is no error.

In this opinion the other judges concurred.