MICHAEL SHEDLOCK *v.* CUDAHY PACKING COMPANY ET AL.

JOSEPH CASEY *v.* CUDAHY PACKING COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued May 6—decided June 17, 1948

*Louis Stein,* for the appellants (plaintiffs).

*Philip B. Lyster,* with whom, on the brief, was *George N. Foster,* for the appellees (defendants).

ELLS, J. The Superior Court dismissed the plaintiffs' appeals from the findings and awards of the compensation commissioner in favor of the defendants, and the plaintiffs have appealed to this court. The cases were tried together, and as, with a single exception, the facts found, the motion to correct and the issues of law are essentially the same in both, we consider them together.

The following facts found by the commissioner are

not challenged. There is a loading platform directly in front of the named defendant's building on Water Street in Bridgeport. It stands a number of feet above the highway, is level for a distance of five or six feet from the building which it abuts, and slopes gradually downward to a height suitable for loading trucks. In a back corner of the platform there is an elevator shaft, and entrance to the elevator is made through a door which is opened by lifting it upwards. A person about to use the elevator can see at what floor it is standing by looking through a window in the door. The elevator and elevator doors were inspected by a state employee on October 21, 1946. He found that the door at the loading platform and its rails and clips were heavily rusted and ordered that they be replaced. The order was not carried out until after October 30, 1946. Upon the morning of that day the plaintiffs had assisted in loading a truck, had completed the task, and were engaged in a friendly wrestling match on the platform which continued for several minutes.

The commissioner found that while they were thus engaged they moved around the entire platform, and although the foreman ordered them to stop "they continued on wrestling and moving about the platform until they crashed into the elevator door causing it to swing inward, hurling them both down the elevator shaft." The plaintiffs testified that they had stopped wrestling and were leaning against the elevator door, looking through the window to locate the position of the elevator; that their combined weight caused the door to give way; and that they fell into the shaft. They assign error in the refusal to correct the finding by substituting these facts for those found by the commissioner. "It is within the province of the Commissioner alone to determine, on

conflicting and confusing evidence, what the facts are, and neither appellate court will change his finding unless it appears that he has found facts without evidence, or that he could not reasonably reach the conclusions he has stated." *Battey* v. *Osborne*, 96 Conn. 633, 634, 115 A. 83; Conn. App. Proc. § 123. A concise statement of the function performed by the Superior Court and this court in relation to correcting a commissioner's finding is contained in *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 355, 122 A. 63. In the present case, there was evidence which reasonably supported the finding, and there was no error in the refusal to correct it.

The plaintiffs also assign as error the refusal to add to the finding certain facts which they claimed were admitted or undisputed. They testified that they had no duties to perform at the time of the scuffle and were merely "hanging around," waiting for orders. Both the defendant's shipping clerk and its manager testified that there had been fooling around on the platform upon previous occasions, and it would not be realistic to believe that there were no pauses in the work of loading the trucks when the men lingered on the platform. This matter is not of great importance except as it relates to a further request, which presents the real question involved in the case. The plaintiffs requested that there be added to the finding the following alleged facts: "For a long time prior to October 30, 1946, it had been customary for employees of respondent to 'fool around' on the respondent's premises, particularly on the platform where the elevator is located, such 'fooling around' being of both a physical and verbal variety, all of which was known to or should have been known to the respondent's supervisory authorities, despite which no attempt was ever made to halt such fooling

around." Two of the defendant's supervisory employees testified that fooling around of a verbal variety was known to and tolerated by them. The plaintiffs are entitled to have this fact added to the finding. This is not true of horseplay like wrestling.

Injuries resulting from horseplay or skylarking by employees have been the subject matter of many decisions under the compensation laws of numerous jurisdictions. We discussed the authorities in *Mascika* v. *Connecticut Tool & Engineering Co.*, 109 Conn. 473, 147 A. 11, and said (p. 477): "It seems clear upon principle and authority that where an employee indulges in horseplay with his fellow employees during the hours of his employment with resulting injury to himself, his injuries cannot be deemed to have had any causal connection with his employment. In such case he has voluntarily departed from the duties of his employment and embarked upon an enterprise of his own not contemplated by the terms of his employment." This broad statement has been qualified by later cases. In *Stulginski* v. *Waterbury Rolling Mills Co.*, 124 Conn. 355, 199 A. 653, we held that an employee was entitled to compensation for injuries due to a fight with another employee' growing out of the conditions of the employment. We referred (p. 360) to the ruling in *Mascika* v. *Connecticut Tool & Engineering Co.*, supra, and added (p. 361): "Where an employer has knowledge, actual or constructive, of conditions under which the employment is actually being carried on and permits them to continue, they become conditions of the employment." In *Puffin* v. *General Electric Co.*, 132 Conn. 279, 282, 43 A. 2d 746, we quoted this statement in upholding an award to a woman employee whose clothes caught fire from her act in lighting a cigarette in a rest room where the em-

ployer permitted smoking. It is to be noted that in both the *Stulginski* and *Puffin* cases the commissioner's finding of fact was sustained. In the case at bar the plaintiffs are attempting to overturn his finding.

In the present case, if the defendant had tolerated wrestling by employees on the platform and an injury had resulted because in wrestling they came in contact with an insecure door maintained by the defendant, it would follow that the commissioner might be justified in awarding compensation. To quote again from the *Stulginski* case (p. 361) : "If injury results as a natural consequence of the conditions of the employment, recovery of compensation is not necessarily defeated by the fact that it is suffered in the course of a fight in which the claimant becomes involved with another employee. The question is whether taking all the facts into consideration the conditions of the employment are the legal cause of the injury." In the present case, the insecure door was a condition of the employment, and if the employer had "tolerated" wrestling on the platform the statement quoted would be applicable. There is a clear factual distinction here. The crucial question is: Is there a distinction which the commissioner could validly draw between the type of fooling which was tolerated and the wrestling which actually took place? He could draw that distinction and find a basis for it in the evidence of the defendant's manager that fooling was tolerated but that if he had seen anyone wrestling he would immediately have dismissed him.

All of the requested additions, except one, apply equally to both cases. The exception is found in the casual claim that Casey may have been the aggressor and Shedlock the victim of the horseplay. The commissioner found to the contrary, and there

678

was evidence which reasonably supported the finding. See *Stulginski* v. *Waterbury Rolling Mills Co.*, supra, 364.

In *DiLauro* v. *Bassetti*, 133 Conn. 642, 644, 53 A. 2d 512, the plaintiff's appeal, as in the present case, turned "upon the correctness of the commissioner's conclusion that the injury was not compensable because it was the result of horseplay and resulted from a departure by the plaintiff from his employment." We discussed the question of deviation and said that unless the case lies clearly on the one side or the other the question whether an employee has so departed from his employment that his injury did not arise out of it is one of fact, citing *Herbst* v. *Hat Corporation of America*, 130 Conn. 1, 7, 31 A. 2d 329; *Palumbo* v. *Fuller Co.*, supra, 356. Under the circumstances of the present cases the question is one of fact and the commissioner's conclusion that the plaintiffs were not entitled to compensation will not be disturbed. The refusal of the trial court to overrule it was correct.

There is no error.

In this opinion the other judges concurred.