WALTER CZEPLICKI *v.* FAFNIR BEARING COMPANY ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued December 6, 1950—decided January 23, 1951

*Edward S. Pomeranz,* with whom was *William P. Aspell,* for the appellants (defendants).

*William S. Zeman,* with whom was *Harry Cooper,* for the appellee (plaintiff).

BALDWIN, J.   The defendants have appealed from a judgment of the Superior Court dismissing their appeal from a supplemental finding and award of the compensation commissioner granting compensation to the plaintiff for temporary total incapacity.

The basic question is whether the commissioner should have found that the plaintiff had a 10 per cent permanent partial incapacity rather than that he was temporarily totally incapacitated.   The extensive corrections of the finding sought by the defendants bear upon this question, and it is squarely raised by their claims of law.   The facts established by the finding, which is not subject to correction, are as follows:   The plaintiff sustained an injury to his back on March 2, 1948, which arose out of and in the course of his employment.   He was treated by Drs. Clark and Goldschmidt, who were provided by the defendant employer.   He tried to stay on his job, but his symptoms persisted and he left his employment after consulting with Drs. Mylnarski and Nevulis on his own account. On September 27, 1948, he was awarded compensation

for temporary total incapacity and authorized to engage the services of Dr. Nevulis. He returned to work on February 7, 1949, and was given a different and lighter job, but he continued to complain of difficulty with his back and quit work. On April 11, 1949, the commissioner ordered compensation continued on the basis of temporary total incapacity because of the possibility that the plaintiff might be suffering from a ruptured intervertebral disc and require bed rest and further treatment. He was treated by Dr. Curtis, who concluded that he had no disc damage. On September 16, 1949, Dr. Curtis recommended to the plaintiff that he resume light work. The defendant employer was unable to offer him that type of employment because no such job was available. The plaintiff sought light work at several other places but was refused after the employers to whom he applied were made aware of his injury. On October 20, 1949, the commissioner found that the plaintiff had "made a diligent effort to work but cannot find a job particularly in view of his history of injury, and therefore he is for practical purposes still totally disabled," and ordered the continuance of compensation for temporary total incapacity.

Section 7430 of the General Statutes provides compensation for injuries which result "in total incapacity to work." These words mean the inability of the employee, because of his injuries, to work at his customary calling or at any other occupation which he might reasonably follow. *Osterlund* v. *State*, 135 Conn. 498, 505, 66 A. 2d 363; *Clark* v. *Henry & Wright Mfg. Co.*, 136 Conn. 514, 516, 72 A. 2d 489. One purpose of the statute is to give compensation for loss of earning power. *Olivieri* v. *Bridgeport*, 126 Conn. 265, 277, 10 A. 2d 770. If, because of the employee's injury, his labor becomes unmarketable, in spite of his diligent efforts to find work, his earning power is gone and he is

totally incapacitated. *Reilley* v. *Carroll*, 110 Conn. 282, 285, 147 A. 818; 58 Am. Jur. 778, § 282. The defendants claim that the commissioner should have found that the plaintiff had a 10 per cent permanent partial disability and that an award should have been made on that basis. There was evidence to support this claim. There was also evidence supporting the claims of the plaintiff from which the commissioner was warranted in finding as he did that the plaintiff had diligently sought light work which he could physically perform but was unable to secure any because of his injury. It was for the commissioner to determine the facts upon which to base his finding and award. *Rakiec* v. *New Haven Wrecking Co.*, 112 Conn. 432, 435, 152 A. 401. The record fails to disclose that any inferences have been illogically or unreasonably drawn or that there has been any incorrect application of legal principles by the commissioner in reaching his conclusions. The finding and award cannot be disturbed. *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 355, 122 A. 63; *Shedlock* v. *Cudahy Packing Co.*, 134 Conn. 672, 675, 60 A. 2d 514; *DiLauro* v. *Bassetti*, 133 Conn. 642, 645, 53 A. 2d 512; *Nicotra* v. *Bigelow, Sanford Carpet Co.*, 122 Conn. 353, 359, 189 A. 603.

Counsel in their briefs have cited two cases which deserve comment — *Clark* v. *Henry & Wright Mfg. Co.*, 136 Conn. 514, 517, 72 A. 2d 489, and *Ferrara* v. *Clifton Wright Hat Co.*, 125 Conn. 140, 143, 3 A. 2d 842. In the former case, we sustained a decision by the commissioner in favor of the defendants based upon a finding that general economic conditions and not the plaintiff's injury were the cause of his inability to find employment. There is no such finding in this case. In the latter case, there was a finding that the plaintiff had been unable after due diligence to find work, but no finding that this inability was due to his injury, a fact

which the commissioner specifically found in the instant case. The cases are distinguishable on their facts.

There is no error.

In this opinion the other judges concurred.