## A. Vincent Knott v. United Smelting & Aluminum Company, Inc., et al.

Superior Court      New Haven County      File No. 74572

Memorandum filed April 24, 1951.

*James F. Kenny,* of Bridgeport, for the Plaintiff.

*Clarence Hadden,* of New Haven, for the Defendants.

CULLINAN, J.  On June 23, 1950, the plaintiff reported for his day's labor at the New Haven plant of the defendant employer, arriving at his customary hour, 6:30 to 6:45 a. m., whereupon he went immediately to his locker to change from street apparel to working clothes.  Having completed the transformation, he sought his work apron, which, ordinarily and by reason of its heavily soiled condition, was kept on top of his locker, only to find that overnight it had disappeared and was not in its accustomed place.

Concluding that the apron had dropped between or behind lockers which adjoined his own, the plaintiff climbed on top of the lockers, surveyed the location, and found that his immediate conclusion had been justified in that the apron had slipped into a narrow space between the lockers and the partition wall. With a long hook, used in his employment, the plaintiff retrieved the necessary and missing apparel.  Thereafter he assumed a

sitting position on top of the lockers, facing forward, putting one hand down on each side of him, resting his weight on his hands, and thus propelled himself forward over the edge of the locker in his drop to the floor. The maneuver resulted in an accidental injury to his right foot and ankle for which compensation has been allowed by the commissioner, with a finding that the injury arose out of and in the course of the plaintiff's employment by the defendant employer.

Whether a given injury arose out of and in the course of an employment is primarily a question of fact, to be determined by the commissioner after consideration of all the relevant circumstances. *Stulginski* v. *Waterbury Rolling Mills Co.*, 124 Conn. 355, 365; *DiLauro* v. *Bassetti*, 133 Conn. 642, 645. The commissioner's conclusion in the matter must stand unless it resulted from an erroneous application of law to the subordinate facts, or from an unreasonable, illegal or illogical inference from them. *Shedlock* v. *Cudahy Packing Co.*, 134 Conn. 672, 675. The findings of subordinate facts can be reviewed only if they were found without evidence, or as the result of an unreasonable inference from the evidence. *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 355.

In its attack on the finding, the defendant employer contends that the plaintiff, who was concededly fifty-nine years of age, was under the influence of liquor at the time of the injury and that the accident was due to his condition of intoxication; and that his act in climbing on and descending from the lockers constituted wilful and serious misconduct within the intendment of General Statutes, § 7419.

The commissioner, on the basis of ample supporting evidence, concluded that the plaintiff was not intoxicated when he reported for his employemnt or at the time when he descended from the lockers to sustain his injury. This conclusion cannot be disturbed since the plaintiff's sobriety was attested to by an experienced police officer as well as by a fellow employee, both having formed their judgments after personal observation.

*Mancini* v. *Scovill Mfg. Co.*, 98 Conn. 591, 597, presents a definitive interpretation of the term "wilful and serious misconduct" and it cannot be said that the plaintiff, in the light of his knowledge or acts, exposed himself to the risk of a grave and aggravated character taken with appreciation of that fact, nor did he evince a reckless disregard of personal consequences. No

safety rule or regulation of the employer was involved or dis-
obeyed or disregarded. The plaintiff merely searched for his
apron, a necessary bit of apparel in his work, and not having
found it in the habitual place, reasonably concluded that it was
behind his locker, when he proceeded in a natural and normal
effort to recapture it. His descent from the locker indicated
care. His conduct, when examined most critically, amounted to
nothing more, if that, than an error of judgment or a moment
of thoughtlessness or inattention. Certainly there was nothing
in his activity to spell out "wilful and serious misconduct" within
the statutory meaning. *Caraher* v. *Sears, Roebuck & Co.,* 124
Conn. 409, 415.

The defendants take nothing by this appeal and it is accord-
ingly dismissed.