DOMENICO ACQUARULO *v.* BOTWINIK BROTHERS,
INC., ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued April 8—decided April 28, 1953

*Henry T. Istas* and *George W. Chisaski,* for the
appellant (plaintiff).

*John E. McNerney,* with whom, on the brief, was *Francis J. Moran,* for the appellees (defendants).

JENNINGS, J. The question to be decided is whether the workmen's compensation commissioner was justified in suspending compensation payments to an injured workman because of his refusal to undergo an operation.

The following findings are not subject to correction: The plaintiff received a compensable injury, a sprained back, on June 21, 1949. He was paid compensation at the rate of $24.73 a week to June 6, 1950, pursuant to an approved agreement. During this period he received treatment from several physicians and was twice in the hospital. These treatments proved ineffective. On July 12, 1950, at an informal hearing, it was agreed that compensation would be paid to September 15, 1950, by which date the plaintiff agreed either to return to work or to submit to surgery which had been recommended. He did neither and has been, since that date, totally incapacitated. The defendants have been ready to furnish the plaintiff with all medical treatment, including surgery. In accordance with good orthopedic practice, an exploratory operation followed by spinal fusion has been urged upon the plaintiff by Dr. Shure. This procedure has likewise been recommended by the plaintiff's own physician, Dr. Poverman. No evidence has been offered to controvert this recommendation. The plaintiff claims that his refusal to submit to this surgery is reasonable because of the seriousness of the operative procedure.

On these facts the commissioner concluded that the recommended surgery was reasonable. He further found that, because the plaintiff refused to accept and himself failed to provide the reasonable

surgical care recommended, his rights to compensation should be suspended during the continuance of his refusal and failure. This finding was sustained on appeal to the Superior Court.

Section 7426 of the General Statutes provides for notice of injury to the employer and for medical, surgical and nursing care to be furnished by him. It then continues: "If it shall appear to the commissioner that an injured employee has refused to accept and failed to provide such reasonable medical, surgical or hospital or nursing service, all rights of compensation under the provisions of this chapter shall be suspended during such refusal and failure."

No Connecticut case has been cited or found which construes this provision in the statute. The plaintiff has cited excerpts from numerous cases in other jurisdictions to the effect that refusal to submit to a major operation is not unreasonable. *Delafield* v. *Maples,* 2 So. 2d 704, 707 (La. App.), based on a long line of Louisiana precedents, appears to support this claim, but there is no provision in the Louisiana act making it the duty of an injured workman to submit to surgical treatment. See note, 105 A.L.R. 1470, 1472. Otherwise, the cases, some of which are noticed below, do not help the plaintiff materially. For example, the A.L.R. annotation, supra, lays down the general rule (p. 1481) that the question of the reasonableness of the injured person's refusal is one of fact. The same is true of *Burns's Case,* 298 Mass. 78, 80, 9 N.E.2d 719, of *Coombs* v. *Kirsch Co.,* 301 Mich. 1, 6, 2 N.W.2d 897, and of *Kentucky-Jellico Coal Co.* v. *Lee,* 289 Ky. 821, 823, 158 S.W.2d 385. Often the decisions are based on local statutes. In *Robinson* v. *Jackson,* 116 N.J.L. 476, 480, 184 A. 811, the employer failed to comply with an express statutory provision. Courts are less willing to require

submission to an operation as a condition of continued compensation payments when the medical evidence is conflicting. *Kentucky-Jellico Coal Co.* v. *Lee,* supra. In the case at bar there was no conflict. In *Neault* v. *Parker-Young Co.,* 86 N.H. 231, 166 A. 289, the general rule is stated to be (p. 233): "The principle that if it is reasonable to submit to an operation, the consequences of a refusal are not a part of the disability for which compensation is to be given, is generally recognized." For a general discussion see note, 11 N.C.C.A. (N.S.) 476. The plaintiff urges that we hold the treatment offered in the case at bar unreasonable as a matter of law on the ground that it is a major operation not offering a probability of cure. It is to be noted that the operation tendered was exploratory for the purpose of making a definite diagnosis. The statute speaks of "reasonable medical, surgical ... service." Diagnosis is an essential part of such service. An operation may be found to be reasonable even though its sole purpose is exploratory.

The general principles underlying Connecticut practice in workmen's compensation cases are well settled. The remedial character of the legislation has always been recognized. *Kennerson* v. *Thames Towboat Co.,* 89 Conn. 367, 375, 94 A. 372. It should be broadly construed to accomplish its humanitarian purpose. *DeCarli* v. *Manchester Public Warehouse Co.,* 107 Conn. 359, 364, 140 A. 637. It is still true, however, that the power and duty of determining the facts rests on the commissioner, the trier of the facts. *Czeplicki* v. *Fafnir Bearing Co.,* 137 Conn. 454, 457, 78 A.2d 339. The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably

drawn from them. *Mathurin* v. *Putnam,* 136 Conn. 361, 366, 71 A.2d 599.

In the case at bar the doctors, including the plaintiff's personal physician, united in recommending surgery as the only hope for a cure. As one of them testified, "[W]e were not getting anywhere. In order to get a diagnosis and give [the plaintiff] further treatment [surgery] was felt necessary. . . . I felt . . . all conservative treatment having resulted in no re-lief, then surgery was the only out, even though a definite diagnosis had not been made. . . . This is the usual good course of treatment followed by the good orthopedic men." While the right of the employer to impose surgical treatment is not absolute (*Robinson* v. *Jackson,* 116 N.J.L. 476, 478, 184 A. 811), this and similar evidence support the vital finding of the commissioner recited above. The issue was one of fact. See *Shedlock* v. *Cudahy Packing Co.,* 134 Conn. 672, 678, 60 A.2d 514; *DiLauro* v. *Bassetti,* 133 Conn. 642, 644, 53 A.2d 512. There is nothing in the record which indicates that the commissioner's conclusion was illogically or unreasonably drawn or was based on any incorrect application of legal principles. *Czeplicki* v. *Fafnir Bearing Co.,* supra. The statute affords a sufficient guide, and the conclusion of the commissioner falls squarely within it. The court was correct in holding that the commissioner's conclusion could not be disturbed.

There is no error.

In this opinion BROWN, C. J., and INGLIS, J., concurred.

BALDWIN, J. (concurring). The commissioner was faced with a question of fact in determining whether the recommended surgical treatment was reasonable under the terms of the statute. There was no evi-

dence to the effect that it was not. Section 7426, however, contains two separate provisions concerning medical, surgical and hospital care to be provided by the employer on the one hand and accepted by the employee on the other. It states: "The employer, as soon as he shall have knowledge of [the] injury, shall provide a competent physician or surgeon to attend the injured employee, and in addition shall furnish such medical and surgical aid or hospital or nursing service as such physician or surgeon shall deem reasonable or necessary." This concerns the employer's responsibility. The statute also provides: "If it shall appear to the commissioner that an injured employee has refused to accept and failed to provide such reasonable medical, surgical or hospital or nursing service, all rights of compensation under the provisions of this chapter shall be suspended during such refusal and failure." This clause is directed at the employee's responsibility.

The commissioner found: "In accordance with good orthopedic practice an exploratory operation followed by spinal fusion has been urged upon the [plaintiff] by Dr. Shure. This procedure has likewise been recommended by the [plaintiff's] own physician, Dr. Poverman. No evidence has been offered to controvert this recommendation." The plaintiff refused to submit to the recommendation and the commissioner denied him further compensation. The question of reasonableness under such circumstances as those presented here must be considered from the standpoint not only of the employer but of the employee. "The test is not [the employee's] willingness to submit to operation, but his right to guard life and limb from unreasonable peril." *Snooks's Case,* 264 Mass. 92, 93, 161 N.E. 892; see *Neault* v. *Parker-Young Co.,* 86 N.H. 231, 166 A. 289. As the plaintiff

had the initial burden of establishing the statutory essentials of his case (*Saunders* v. *New England Collapsible Tube Co.,* 95 Conn. 40, 42, 110 A. 538; *Glodenis* v. *American Brass Co.,* 118 Conn. 29, 41, 170 A. 146), so also does he have the burden of proving that his continuing disability is due to the original injury rather than to an unreasonable refusal by him to submit to the recommended treatment. *Burns's Case,* 298 Mass. 78, 79, 9 N.E.2d 719. If the proposed medical or surgical procedure involves real danger and suffering without fair assurance of effecting an improvement or restoration of health, an injured employee should not be denied compensation for refusing to submit to it, for in this event his refusal could not be labeled unreasonable. Ibid.; *Robinson* v. *Jackson,* 116 N.J.L. 476, 478, 184 A. 811; note, 105 A.L.R. 1470. In the absence of proof that the measure of recovery to be expected from the medical and surgical procedure recommended did not warrant the danger and suffering involved, the commissioner's conclusion that the procedure was reasonable must stand.

In this opinion O'SULLIVAN, J., concurred.