Marjan Wiecinski *v.* Robert A. Keasby
Company et al.

Superior Court     New London County     File No. 23620

Memorandum filed February 25, 1957.

*Gerard S. Spigel,* of Bridgeport, for the claimant.

*Edward S. Pomerantz,* of Hartford, for the defendants.

Troland, J. Under a finding and award of July 12, 1955, the claimant has been paid compensation to December 14, 1954, for total incapacity, resulting from an injury on September 12, 1952. On January 9, 1956, the compensation commissioner heard the claimant who maintains that at all times since December 14, 1954, he has been totally incapacitated for work because of said injury. He claims that he gets pressure and pain in his chest on slight exertion and can walk only a short distance without pain. Claimant has not attempted to find gainful employment as directed in the award.

In his supplemental finding and award made April 2, 1956, the commissioner has found that claimant is entitled to compensation for partial incapacity from

December 14, 1954, to the date of the hearing on January 9, 1956. The commissioner has also found that the claimant has exaggerated "his inability to walk without pain and has demonstrated an ability to get to a job and to walk around the usual factory; and he should go to work."

The finding by the commissioner is supported by the evidence. The claimant has requested corrections to the finding by the addition of evidential facts which are not admitted or undisputed, and these additions cannot be made by this court.

The commissioner has further ordered that "Beginning on January 10, 1956 the claimant will not be entitled to further payments until he has made a sincere [effort] to find gainful employment suited to his capacity." This order by the commissioner is attacked by claimant as illegal, arbitrary, an abuse of discretion and without authority.

It appears implicit in the order of the compensation commissioner that claimant still suffers from some degree of incapacity. The commissioner does not deny further compensation for partial disability. He simply suspends it until the claimant demonstrates he has in good faith endeavored to work. There was no proof before the commissioner that this effort would involve real danger or suffering. In fact all the medical testimony indicated the desirability of claimant returning to work; that the performance of proper type of work would have definite therapeutic value and that claimant was able to do "light work" and the effort to do so would be beneficial to him. The doctors including plaintiff's own doctor united in recommending that claimant try to get a job and do some work.

The refusal of claimant to try to go to work demonstrated in this case is fairly comparable to the refusal of a claimant to submit to reasonable medical,

surgical or hospital service when indicated. Tested by the principles laid down in a recent Connecticut case, the ruling and order of the commissioner in this case is reasonable and a correct application of legal principles to the facts. *Acquarulo* v. *Botwinik Bros., Inc.,* 139 Conn. 684.

Judgment may enter for the defendant.