THEODORE F. WOLANSKI'S CASE. March 3, 1966. In 1962 a reviewing board adopted a single member's finding under G. L. c. 152, § 34, as amended, that a 1959 injury to Wolanski had caused total disability. Further hearings were held in 1965, after Wolanski had received the maximum payments allowable under § 34, to determine whether further payments should be made under § 34A, as amended. A medical expert testified that Wolanski then remained totally disabled, but that he was not permanently disabled. The single member was warranted in treating the expert's opinion that disability would not be permanent as resting upon his "personal philosophy . . . that . . . [the employee] is so hopelessly incapacitated that it should be worthwhile to take the chance" of a further risky operation. In view of the medical evidence concerning the risk and the chances of improvement, the single member (whose findings were adopted by the reviewing board) could reasonably conclude that the employee was not required to submit to the further procedures and that he "was permanently and totally disabled within the meaning of" § 34A. See *Lauble's Case,* 341 Mass. 520, 522–523. See also *Snooks's Case,* 264 Mass. 92, 93–94; *Baglio* v. *New York Cent. R.R.* 344 Mass. 14, 18. Causal connection between the 1959 injury and the employee's condition in 1965 could reasonably be found to be implicit in the doctor's testimony that the employee's pain and symptoms had been "unremitting" and "progressive" and had increased. Cf. *Hummer's Case,* 317 Mass. 617, 621–623 (where absence of such causal connection had been found). The decree enforcing the reviewing board's decision is affirmed. Costs and expenses shall be allowed by the single justice.

*So ordered.*

*Arthur W. Nichols, Jr.,* for the insurer.

*William J. Meehan & Walter A. Rojcewicz,* for the employee, submitted a brief.