Merrimack,
No. 5988.

MERRIMACK SHEET METAL, INC. *& a.*

*v.*

GEORGE L. MARTIN *& a.*

December 30, 1969.

*Sulloway, Hollis, Godfrey & Soden* and *Michael R. Callahan* ( *Mr. Callahan* orally ), for Merrimack Sheet Metal, Inc.

*Frederic T. Greenhalge* ( by brief and orally ), for George L. Martin.

GRIFFITH, J.   On March 10, 1967 George L. Martin, while in the employ of Merrimack Sheet Metal, Inc., sustained a low back injury while lifting a heavy beam. Martin was out of work and received temporary total disability from March 11 to March 27, April 12 to May 21, and May 26 to June 30 of the year 1967. On June 30, 1967 the company terminated all benefits. A hearing before the Commissioner of Labor resulted in a finding in favor of Martin which was appealed to the Superior Court by the company. The Trial Court (*Bownes*, J. ) found that Martin was suffering from a herniated disc in his lower spine which arose from an injury suffered in the course of his employment by the plaintiff company.  It was found that Martin had been advised by his doctor on June 9, 1967 to have the disc condition operated on and that it was more probable than otherwise that his back condition would be improved by the operation. Finding that it was unreasonable for Martin to delay the operation after June 30, 1967 the Court ordered the company to pay for an operation if Martin decided to have it.  The Court terminated compensation as of June 30, 1967 if Martin did not undergo the operation and if he did, ordered the Company to pay six months total disability following the operation and for such further period as Martin remained totally disabled.

Martin excepted to the refusal of the Trial Court to receive evidence of his financial inability to pay for an operation and to the denial of his motion for judgment n.o.v. on the issue of his unreasonable refusal to have an operation. These exceptions were reserved and transferred by the Trial Court.

The issues thus presented are whether evidence of financial inability to obtain an operation is admissible on the question of the reasonableness of Martin's delay in having an operation and whether there was evidence from which the Trial Court could properly deny compensation pending the operation.

Martin testified that he left for West Virginia after June 30, 1967; had been unable to obtain work and that he was not averse

to having the operation. Testimony that he had not had the operation because of lack of money was stricken. It appears that from June 30, 1967 through the date of the Trial Court's rulings on January 5, 1968, the company denied that it was liable for either compensation or medical payments and that neither compensation or medical payments have been paid since June 30, 1967.

"The test in a case like this one should be the following: was the employee's conduct in refusing to submit to the operation so arbitrary and unreasonable that the continued disability could be said to have resulted from his own misconduct." *Cate* v. *Perkins Machine Co.*, 102 N. H. 391, 394, 157 A. 2d 778.

The Trial Court did not expressly find that Martin unreasonably refused to have an operation before June 30, 1967 but related his finding specifically to the period following that date. But after June 30, 1967 the company denied Martin had a compensable injury and no funds from the company were available to pay for the operation. While the evidence of his financial inability to pay for the operation was relevant and admissible on the reasonableness of his failure to have the operation ( 31A C.J.S. Evidence, *s.* 158; *Bunten* v. *Davis*, 82 N. H. 304, 133 A. 16; see *Woodman* v. *Peck*, 90 N. H. 292, 7 A. 2d 251 ) even without this evidence the Trial Court's ruling cannot be sustained.

The company argues that it had no duty to tender an operation to the claimant in this case. Assuming this to be true there was no evidence in the case that the operation was ever available to Martin after June 30, 1967. The company had refused to pay any further medical expenses and there was no evidence that Martin was able to obtain the operation through his own funds or from any other source. Without evidence that the operation was available to Martin he cannot be held to have unreasonably refused to have it. *Cate* v. *Perkins Machine Co.*, *supra*; *Neault* v. *Company*, 86 N. H. 231, 166 A. 289. The Trial Court's ruling denying compensation after June 30, 1967 is therefore set aside.

It appears from the evidence that Martin was unemployed due to the injury from June 30, 1967 to the date of trial and the Trial Court's rulings and orders imply this finding. Accordingly Martin is entitled to compensation from June 30, 1967 to the date of the

Trial Court's decree. Whether he is entitled to compensation there-after depends upon the Trial Court's determination of whether he has remained unemployed due to the injury and has not un-reasonably refused to have the operation.

When the company makes the operation available to Martin the order of the Trial Court relating to the operation and sub-sequent compensation will become effective.

*Remanded.*

All concurred.