PATRICK FRANKLIN *v.* BRENDA LUCILLE DUNHAM ET AL.
(4291)

DUPONT, C. J., BORDEN and DALY, Js.

Argued April 10—decision released June 24, 1986

*Thomas C. Coughlin,* with whom was *Thomas B. Coughlin,* for the appellant (named defendant).

*Carey Donovan,* certified legal intern, with whom were *William Garfinkel* and, on the brief, *Mark Lawhead,* legal intern, for the appellee (plaintiff).

DALY, J. The plaintiff instituted this action to seek custody of his minor daughter.[1] The mother and the

---

[1] Subsequent to oral argument in this court, the defendant mother moved to reargue pursuant to Practice Book § 3111H on the ground that the trial

maternal grandmother of the child are the defendants. From the judgment of the trial court awarding custody to the plaintiff with reasonable visitation to the grandmother, this appeal ensued.

The facts do not appear to be in dispute. On September 11, 1979, a daughter was born to the plaintiff and the child's mother, who were nineteen and sixteen years old respectively at the time. The parents were never married but the plaintiff acknowledged paternity of the child. The plaintiff attended the University of Connecticut from September, 1978, until his graduation in May, 1982, when he received a B.S. degree in business administration. During his undergraduate years, the plaintiff maintained a relationship with the child. The mother has led a nomadic existence and the child has been under the care of the defendant grandmother since 1983. Because the grandmother, age forty-two, has been employed full time, she was obliged to obtain aid to dependent children to pay for weekday child care.

In June, 1983, the plaintiff became employed as a psychiatric aide in a community health center, and was married in December, 1984. The plaintiff's wife is employed as an assistant manager of a department store and is amenable to becoming a stepmother. The grandmother has been satisfactorily caring for the child with sporadic appearances by the mother. In 1984, the plaintiff had difficulty in exercising his visitation rights

court lacked subject matter jurisdiction because the action was not commenced as a habeas corpus action as required by General Statutes § 46b-1 (8). We deny the motion to reargue. General Statutes § 46b-1 (8) provides that "[m]atters within the jurisdiction of the superior court deemed to be family relations matters shall be matters affecting or involving . . . (8) habeas corpus *and other proceedings to determine the custody and visitation of children* . . . . " (Emphasis added.) Thus, while habeas corpus is the usual method of bringing a custody and visitation claim before the court; see, e.g., *Evans* v. *Santoro,* 6 Conn. App. 707, 709, 507 A.2d 1007 (1986); it is not the exclusive method, and the court had subject matter jurisdiction to entertain this action.

and the situation became exacerbated. This custody action followed. Both parties provide suitable accommodations for the child and the trial court found that both the grandmother and the plaintiff were fit and capable of caring for the child. The family relations officer recommended that the defendant grandmother be awarded custody. The trial court awarded custody to the plaintiff with reasonable visitation rights accorded to the grandmother. The court gave no visitation rights to the defendant mother. The defendant mother appealed, claiming that the trial court erred in granting custody to the plaintiff when it was in the best interests of the child to remain with the defendant grandmother.

The defendant mother claims that the trial court abused its discretion by reaching a conclusion which is not supported by the evidence. The trial court may exercise broad discretion to determine what is in the best interests of the child. Our review in cases involving family matters is limited and is warranted only if the trial court clearly abused its discretion. *Cappetta* v. *Cappetta,* 196 Conn. 10, 16–17, 490 A.2d 996 (1985); *Kearney* v. *State,* 174 Conn. 244, 249, 386 A.2d 223 (1978); *Evans* v. *Santoro,* 6 Conn. App. 707, 714, 507 A.2d 1007 (1986). Our authority cannot be substituted for the authority of the trial court because of a mere difference of opinion, and, unless there is a clear abuse of discretion, our interference with the trial court's action is unwarranted. *Presutti* v. *Presutti,* 181 Conn. 622, 627, 436 A.2d 299 (1980). In a controversy between a parent and a stranger, the parent has the stronger right to custody unless the child's welfare clearly requires that custody be placed in the stranger. *Hao Thi Popp* v. *Lucas,* 182 Conn. 545, 551, 438 A.2d 755 (1980). "The term 'stranger' means anyone not a parent. It may include relatives, friends, or child care agencies." Id., 551 n.3; *In re Juvenile Appeal (Anonymous),*

177 Conn. 648, 662 n.12, 420 A.2d 875 (1979). Because the trial court is in a better position than the Appellate Court to assess the surrounding circumstances, appearance and demeanor of the parties in a domestic relations matter, its decision should not be disturbed unless it abused its discretion; every reasonable presumption should be given in favor of its correctness. *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 262–63, 413 A.2d 854 (1979); Holden & Daly, Connecticut Evidence § 35, pp. 62–64.

The defendant grandmother relied heavily on the recommendation of the family relations officer that custody be awarded to the grandmother. "We have never held, and decline now to hold, that a trial court is bound to accept the expert opinion of a family relations officer. As in other areas where expert testimony is offered, a trial court is free to rely on whatever parts of an expert's opinion the court finds probative and helpful." *Yontef* v. *Yontef,* 185 Conn. 275, 281, 440 A.2d 899 (1981).

The defendant mother made no showing legally sufficient to require reversal of the trial court's custody order. The trial court found that the plaintiff was a fit custodial parent who enjoyed a positive relationship with his child and felt that contact should be maintained with the grandmother. It is the trial court that must exercise its discretion to determine what is in the best interests of a child. On the record before us, we do not find that the trial court abused its discretion by awarding custody to the plaintiff.

There is no error.

In this opinion the other judges concurred.