ALBERT PAGLIARULO *v.* BRIDGEPORT MACHINES, INC., ET AL.
(7643)

BORDEN, NORCOTT and LAVERY, Js.

Argued September 14—decision released October 24, 1989

*Lucas D. Strunk,* for the appellants (defendants).

*Vincent M. Zanella, Jr.,* with whom, on the brief, was *George W. Boath, Jr.,* for the appellee (plaintiff).

LAVERY, J. The defendants appeal from the decision of the compensation review division of the workers' compensation commission upholding the hearing commissioner's decision in favor of the plaintiff. On appeal, the sole dispositive issue is whether the hearing commissioner and the review commission applied the correct standard in reviewing the suspension of workers' compensation benefits under General Statutes § 31-294[1] by considering the reasonableness of the plaintiff's refusal of medical treatment rather than the reasonableness of the treatment itself. We find error.

The following facts are not in dispute. On May 16, 1980, the plaintiff, a fifty-three year old laborer, injured his back during the course of his employment with the named defendant. The parties filed a voluntary agreement on January 19, 1983, accepting the plaintiff's back injury as compensable. Under the voluntary agreement, the plaintiff's base compensation rate was set at $260.18.

In July, 1980, Irving Sherman, a neurosurgeon, performed a myelogram and laminectomy on the plaintiff's back. The plaintiff continued to have back problems and, in November, 1981, Stanley Fromm, another neurosurgeon, performed a second myelogram and laminectomy. The plaintiff has not worked since the November, 1981 surgery. The plaintiff continued to complain of back pain and returned to see Fromm, who ordered a

---

[1] General Statutes § 31-294 provides in pertinent part: "If it appears to the commissioner that an injured employee has refused to accept . . . such reasonable medical, surgical or hospital or nursing service, all rights of compensation under the provisions of this chapter shall be suspended during such refusal and failure."

CAT scan performed on him. In the opinion of the radiologist who performed the CAT scan, the only abnormalities in the plaintiff's CAT scan were attributable to the two prior operations. The plaintiff's back pain continued, causing Fromm to believe that the plaintiff was probably suffering from a recurrent herniated disc, even though the CAT scan had failed to disclose that condition. Since May 3, 1983, the plaintiff's total disability has prevented him from pursuing any gainful employment.

In early 1983, Fromm recommended that the plaintiff undergo another myelogram. Fromm was of the opinion that the myelogram was a reasonable medical procedure to determine whether the plaintiff had a herniated disc. In June, 1983, the plaintiff consented to undergo the third myelogram. The myelogram revealed a large defect at the level of the fourth lumbar disc. Fromm recommended that a third laminectomy be done bilaterally, and that a fusion be performed by an orthopedic surgeon.

The plaintiff refused to undergo the additional surgery because he had already submitted to two unsuccessful operations. According to Fromm's testimony before the hearing commissioner, the plaintiff was afraid to subject himself to the third operation in light of the very poor results obtained from the prior surgeries. The defendant insurance carrier terminated its payment of certain of the plaintiff's benefits, and the plaintiff applied to the workers' compensation commissioner for reinstatement of benefits.

At the hearing, Fromm testified that he believed that the proposed procedure was the medically reasonable course of treatment for the plaintiff's condition, and that the operation was the only medical treatment that could return the plaintiff to some form of gainful employment. He further testified that the risks involved

in the surgery were minimal, and that, if successful, the operation would significantly improve the plaintiff's condition. Fromm also testified, however, that the surgery would give the plaintiff no better than a fifty-fifty chance of significantly improving his back, and that under no circumstances could the surgery reduce the 30 percent permanent partial disability of the plaintiff's lower back.

In his finding and award, the hearing commissioner based his decision to reinstate the plaintiff's benefits on the finding that the plaintiff's "refusal to undergo the recommended surgical procedure [was] not unreasonable." The review division upheld the commissioner's conclusion on appeal.

The defendants claim that, in determining whether to terminate workers' compensation benefits, the commissioner and the review commission erred in considering the reasonableness of the plaintiff's refusal to undergo surgery, rather than considering the reasonableness of the surgical treatment itself. We agree.

In hearings before the workers' compensation commissioner, "the power and duty of determining the facts rests on the commissioner, the trier of the facts. *Czeplicki* v. *Fafnir Bearing Co.,* 137 Conn. 454, 457, 78 A.2d 339 [1951]." *Acquarulo* v. *Botwinik Bros., Inc.,* 139 Conn. 684, 687, 96 A.2d 752 (1953). The conclusions drawn by the commissioner "from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. *Mathurin* v. *Putnam,* 136 Conn. 361, 366, 71 A.2d 599 [1950]." *Acquarulo* v. *Botwinik Bros., Inc.,* supra, 687–88; *Aurora* v. *Miami Plumbing & Heating, Inc.,* 6 Conn. App. 45, 47, 502 A.2d 952 (1986).

General Statutes § 31-294 provides in pertinent part: "If it appears to the commissioner that an injured

employee *has refused to accept . . . such reasonable medical, surgical or hospital or nursing service,* all rights of compensation under the provisions of this chapter shall be suspended during such refusal and failure." (Emphasis added.) The statute is concerned not with the reasonableness of the plaintiff's refusal to accept treatment, but with the reasonableness of the "medical, surgical or hospital or nursing service" available to the plaintiff. *Acquarulo* v. *Botwinik Bros., Inc.,* supra, 688. Whether a proposed surgical procedure is reasonable under the terms of the statute is a question of fact for the commissioner to resolve.

Thus, the decision of the review division is an erroneous application of law to the facts of the case, in that it was based upon a finding that the plaintiff's refusal to accept further treatment was reasonable, with no reference to the reasonableness of the treatment itself. It does not automatically follow, however, that on remand the commissioner must find that the treatment is reasonable and compel the plaintiff to undergo the surgery in question.

We recognize that certain aspects of the question of whether a surgical procedure is reasonable under the circumstances go beyond " 'the ordinary knowledge and experience' of the trier of fact." *Feinson* v. *Conservation Commission,* 180 Conn. 421, 428, 429 A.2d 910 (1980); *Jaffe* v. *State Department of Health,* 135 Conn. 339, 350, 64 A.2d 330 (1949). Expert testimony may be required to assist the trier in resolving those aspects of the issue. The acceptance or rejection of the opinions of expert witnesses, however, " ' "is a matter peculiarly within the province of the trier of fact and its determinations will be accorded great deference by this court." ' *Johnson* v. *Healy,* 183 Conn. 514, 515–16, 440 A.2d 765 (1981)." *Carter* v. *Carter,* 8 Conn. App. 356, 358, 512 A.2d 979 (1986); see also *Franklin* v. *Dunham,* 8 Conn. App. 30, 33, 510 A.2d 1007 (1986).

On remand, the hearing commissioner will be required to consider whether the proposed medical treatment is reasonable. This question is not necessarily a medical matter only, on which expert testimony would be necessary, but may also be affected by a consideration of the surrounding circumstances as the trier of fact finds them. See *Lamont* v. *New Hartford,* 4 Conn. App. 303, 305–306, 493 A.2d 298 (1985). Such circumstances may include the plaintiff's age, medical history, previous course of treatment and its success or failure, and whether the proposed medical procedure "involves real danger and suffering without fair assurance of effecting an improvement or restoration of health." *Acquarulo* v. *Botwinik Bros., Inc.,* supra, 690 (*Baldwin, J.,* concurring).

There is error, the decision of the compensation review division is set aside and the case is remanded to the review division with direction to remand the matter to the hearing commissioner for further proceedings consistent with this opinion.

In this opinion the other judges concurred.