[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal's issues began in the Southbury Probate Court with the denial of the application for reinstatement of the father as guardian of the person of the minor, Corrine Hawes, born to Christine Johnson, who was then 19 years of age. The parents' attempt to live together lasted for a short period of time and was a failure.
The child in question was born on December 21, 1985 after which the mother, four or five months later, moved in with her mother, Eileen Roberts, the maternal grandmother, an appellee in this case.
Both the father and the mother voluntarily agreed to grant temporary custody of the child to the said grandmother on or about January 11, 1989. It is conceded that neither parent was then capable of caring for their infant.
The father obtained visitation orders when he first advised the grandmother of his intention to seek custody of his daughter. He has always exercised visitation regularly.
In November 1991, the father married his present wife, Jacqueline, and in February, 1993 their first child was born. In December, 1992 the father and his wife purchased their own home and they arranged for Corrine to have her own room during overnight visits.
There is no question that the father's behavior from 1985 until 1991 involved driving under the influence, a family violence program preliminary to dismissal of charges, a serious motorcycle accident in 1986 when his back was broken and illegal drug use. Weighing against these negatives is his more recent conduct, his steady employment for the last six years at Peter Paul as a mechanic and his assumption of the responsibility of marriage, custodial father and homeowner. Most important has been his abiding, unflagging efforts to be a loving, caring CT Page 3820 father to his daughter, Corrine.
There also is no issue made of the fact that the grandmother has been a caring, loving, competent guardian of the child. The difficulty that has arisen is the attachment to the child that the grandmother has formed. It is noted that Corrine and her mother lived in a separate apartment in the grandmother's house for two years before the grandmother assumed primary care of Corrine. The mother moved out shortly thereafter. While the grandmother was in the process of moving, she entrusted the care of Corrine to the father. A misunderstanding developed, the grandmother reacquired physical custody and ever since the father has concern that should he displease the grandmother, his visitation might be jeopardized.
Typically, the guardian has advanced many reasons why the status quo should be maintained; the Southbury school system is better; the child's many present activities are centered in Southbury; he is a wonderful father but he is not her mother; too much time has gone by; she has dug her roots in with grandmother; and she may not get along with her stepmother.
There is a Family Relations study (Plaintiff's Exhibit I) which recommends that custody be placed with the father with reasonable visitation awarded to the maternal grandmother and supervised visitation to the mother. An update of the report (Plaintiff's Exhibit J) again recommended the restoration of custody to the father with visitation as summarized above.
There are psychological evaluations by Dr. Sidney S. Horowitz, Ph.D. of Bruce A. Hawes (Plaintiff's Exhibit A), Jacqueline Hawes (Plaintiff's Exhibit B), and Eileen Roberts (Plaintiff's Exhibit C). All three individuals are without significant psychopathology or serious emotional maladjustment. Of particular note is Dr. Horowitz's conclusion that the plaintiff's present wife, Jacqueline, is a "well functioning individual", and "no indications of difficulty appeared to be seen between the interactions of Jacqueline and her stepdaughter, Corrine".
The case of Franklin v. Dunham, 8 Conn. App. 30, (1986) held that in a controversy between a parent and a stranger i.e. anyone not a parent, the parent has the stronger right to custody CT Page 3821
 "unless the child's welfare clearly requires that custody be placed in the stranger." Id. p. 32.
Section 46b-B6b, Connecticut General Statutes that applies to this dispute provides:
 In any dispute as to the custody of a minor child involving a parent and a nonparent, there shall be a presumption that it is in the best interest of the child to be in the custody of the parent, which presumption may be rebutted by showing that it would be detrimental to the child to permit the parent to have custody.
In the present case the court concludes that the father is fit and capable of caring for Corrine. The court concludes that the grandmother is capable of continuing to care for the child. However, the grandmother has not overcome the statutory presumption that it is in the best interest of the child to be in the custody of her parent.
The plaintiff father's appeal is sustained.
As to the Special Defense pleaded by Eileen Roberts, the court finds that in Docket No. 079881 judgment was entered on August 17, 1987 that Bruce Hawes is the father of Corrine Hawes.
The court has filed a separate memorandum denying the motion seeking to submit to the judge a letter written by the minor.
The file is remanded to the Probate Court for entry of orders not inconsistent with this opinion.
HARRIGAN, J.